FELIX FERRAZZA *vs.* RAFFAELE MADONNA *et al.*

JANUARY 9, 1937

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

FLYNN, C. J.  This is a petition for a writ of *certiorari* whereby the petitioners, Raffaele Madonna and Rosina Madonna, seek to review the action of the Superior Court in entering judgment against them, as defendants below. It seeks to quash so much of the record as may be found illegal, and to vacate the judgment entered, as stated, on the ground that the trial court was without jurisdiction, or acted in excess of its proper jurisdiction in entering said judgment.

The original action, entitled *Felix Ferrazza v. Raffaele Madonna et al.*, was commenced by writ of attachment dated February 25, 1927.  Service of this writ on one of the defendants, Albert Orabona, was duly made by the sheriff, whereas service upon the other defendants, who are the petitioners here, was accepted by their attorney of record.  Pleas purporting to be the general issue were filed for Orabona and for the Madonnas respectively by their attorneys of record, who were *not* the same persons acting for all parties.

Several motions to assign the case for trial were made by the plaintiff's attorneys, each motion being directed to and served only on the defendant Obarona's attorney of record.  No motion was directed to or was served upon either of the Madonnas personally, or upon their attorney of record.

On March 18, 1930, the case was allegedly assigned for trial to December 30, 1930, by a stipulation which appears to be as follows:

"Providence, Sc.
Superior Court.

FELIX FERRAZZA
vs.                                No. 70954.
ALBERT ORABONA, et al.

March 18, 1930.

"In the above entitled cause, it is agreed that the following entry be made.

Are assigned for trial to December 30th, 1930.

LUIGI DE PASQUALE,
Pltff's Atty.

RAPHAEL VICARIO,
Deft's Atty."

No withdrawal of appearance by the original attorney of record for the Madonnas nor any entry of appearance for them by any other attorney appears. The stipulation, as above, for assigning the case for trial to December 30, 1930, did not bear the signature of either of the Madonnas or of their attorney of record. It was signed merely by the plaintiff's attorney and by the attorney for the defendant Orabona.

At the trial, on December 31, 1930, before a justice of the Superior Court, sitting with a jury, a nonsuit of the plaintiff was entered in favor of the defendant Orabona, and a judgment was thereupon entered by the court for the plaintiff as against the defendants Raffaele and Rosina Madonna as follows: "Plaintiff declared nonsuit as to Deft. Albert Orabona and decision for Deft. Albert Orabona; and by submission of Defts. Raffaele Madonna and Rosina Madonna judgment for plaintiff for $954.00." The plaintiff prosecuted a bill of exceptions to this court relating only to the decision for defendant Orabona, but later withdrew those exceptions. Thereupon, on December 27,

1934, as of December 31, 1930, judgment by submission of defendants Raffaele Madonna and Rosina Madonna for the plaintiff against them for $954 and costs was entered. Execution thereon was later issued and returned unsatisfied.

The petitioners contend that the case was never properly assigned for trial and that the court was without jurisdiction to enter judgment against them under the existing circumstances. The record of what took place at the trial is ambiguous in several places. Both the attorney for the petitioners and the attorney for the respondent agree on this point. At the hearing on the petition neither of them attacked or sought to change that record, but both requested permission to introduce evidence to support and clarify it. Both of them desired the testimony of several attorneys, whose appearance and conduct in the case and trial had been referred to by the affidavit, filed herein by the petitioners. In view of the unusual circumstances and the mutual requests and purposes of the parties on offering this testimony, it was admitted but was limited to supporting and explaining the ambiguous portions of the record.

From that record, as so clarified and supported by testimony offered by both parties, we are of the opinion that the case was not properly assigned for trial to December 30, 1930.

Under the rules of court, the plaintiff could only have properly had the case assigned and placed on the trial calendar, as far as these petitioners are concerned, by filing a motion for that purpose and having notice of it served on them or their attorney of record, or by filing an agreement of *all* the parties or their attorneys of record. As above stated, no withdrawal of the original appearance for the Madonnas was filed and no other appearance for them by any other attorney appears to have been filed. No plea or motion specifically shows that they had any but their original attorney of record. No notice to either of the Madonnas or their attorney concerning the assignment of

the trial appears. The stipulation was not signed by either of the Madonnas personally or by their attorney of record and neither of them was present at the trial. The case therefore was not properly assigned and was not in order for trial, at least in so far as either of them was concerned.

They were not called and defaulted, nor was the claim then or thereafter proved, as such, as in the case of an answered default. The fact, of course, is that no default was in order because the case was not properly before the court. The entry indicates a *submission* to judgment but the record and evidence do not support it. Undoubtedly some understanding was reached, by mistake, by the attorney for the plaintiff (respondent here) and the defendant Orabona's attorney, but this could not conclude the Madonnas, who were not notified of either the assignment or the trial, and who were not present personally or by their attorney when the record alleges there was a submission to judgment against them.

Counsel for respondent (plaintiff below) has argued that the petitioners are guilty of laches. The record and evidence disclose no knowledge on the part of the Madonnas of this alleged judgment until January, 1935, or thereabouts, when suit was brought against them in New Jersey, based on the unsatisfied judgment and execution. The evidence shows that after that they took steps to set the judgment aside, which were reasonably prompt under all the circumstances. The result which we have reached deprives the plaintiff of no ultimate right and provides an opportunity for the petitioners to have a trial on the merits, which they have not had, as yet, according to the record. While we are reluctant to set aside this judgment, we are constrained to hold that the court was without proper jurisdiction under the circumstances to enter it.

For the reasons stated, the prayer of the petitioners for relief is granted, and the record of the Superior Court purporting to show the entry of judgment on December 27, 1934, as of December 31, 1930, for the plaintiff Felix

Ferrazza against the defendants Raffaele and Rosina Madonna in the sum of $954, and costs, and the execution issued thereon are hereby quashed.

The records and papers in the cause which have been certified to this court are ordered returned to the Superior Court.

*James Di Prete,* for plaintiff.

*Mortimer G. Cummings, Edward C. Drinkwater,* for defendants, petitioners.